**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TERRANCE WEED,           ) | |
|     Plaintiff,        ) | |
|                             ) | |
| v.                              ) | Civil Action No. 08cv10969-NG |
|                             ) | |
| PRUDENTIAL INSURANCE COMPANY OF  ) | |
| AMERICA, STATE STREET BANK AND   ) | |
| TRUST COMPANY GROUP LONG TERM    ) | |
| DISABILITY PLAN,                 ) | |
|     Defendants.       ) | |

**GERTNER, D.J.:**

## MEMORANDUM AND ORDER
August 28, 2009

### I.   INTRODUCTION

Plaintiff Terrance Weed ("Weed") brings suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., to challenge the denial of benefits by Prudential Insurance Company of America ("Prudential"), which both funded and administered the State Street Bank and Trust Company Long Term Disability Plan ("the LTD Plan"). Weed argues that severe chest and back pain rendered him disabled under the terms of the LTD Plan, that Prudential unlawfully dismissed evidence supporting his claim, and that Prudential failed to provide a full and fair review of its decision. Prudential responds that its determinations are entitled to deference, particularly its finding that Weed was not disabled within the meaning of the LTD plan due to a pre-existing condition. Weed now seeks pre-trial discovery of information about the relationship between Prudential and two doctors who reviewed Weed's claim, as well as certain documents that were not provided during the internal appeals process. Prudential opposes the motion on the grounds that discovery should be limited to the administrative record.

This case involves a structural conflict of interest, in which the entity that evaluates ERISA claims is also responsible for paying benefits. In Metropolitan Life Ins. Co. v. Glenn, the Supreme Court ruled that courts should consider such structural conflicts "as a factor in determining whether the plan administrator has abused its discretion in denying benefits." 128 S. Ct. 2343, 2346 (2008). The significance of the conflict depends on its "inherent or case-specific importance," based on such circumstances as the insurance company's "history of biased claims administration" and measures "to reduce potential bias and to promote accuracy." Id. at 2351. The First Circuit has recently clarified that "Glenn fairly can be read as contemplating some discovery on the issue of whether a structural conflict has morphed into an actual conflict." Denmark v. Liberty Life Assurance Co. of Boston, 566 F.3d 1, 10 (1st Cir. 2009) (citing Glenn, 128 S. Ct. at 2351). Since Prudential's administrative record does not contain information on its conflict of interest, it is appropriate to grant "targeted discovery." Id.

Accordingly, I **GRANT** plaintiff's motion with regard to certain documents and answers to interrogatories concerning the relationship between Prudential and the evaluating doctors and **DENY** the request for a deposition. I also **GRANT** the request for materials regarding the pre-existing condition limitation, and **DENY** the request for other materials used by claims adjustors.

## II.   BACKGROUND

Weed was an employee of State Street Corporation from April 24, 2006, to June 11, 2006, when he stopped working due to cardiac disease and back pain. Pl.'s Mem. at 2. Under the LTD Plan, Prudential had discretionary authority as claim administrator to determine eligibility for benefits. Prudential initially approved Weed's claim for six months of short-term disability ("STD") benefits, but later denied his application for LTD benefits based on its

judgment that his cardiac disease was pre-existing and his back condition was not "totally disabling" for a sedentary job.[1]  Def.'s Opp'n at 2.  Weed appealed Prudential's decision on three occasions, but each time Prudential upheld its previous denial.  Compl. at ¶¶ 24-30.

Weed filed a Complaint in federal court on June 6, 2008 seeking judicial review of Prudential's denial of LTD benefits, as well as interest, attorneys fees, and costs.  On December 8, 2008, Weed filed a Motion for Limited Pretrial Discovery and to Expand the Scope of the Judicial Record.  In this motion, he seeks extra-record discovery of documents in seven categories, answers to five interrogatories, and a two-hour deposition of Dr. John LoCascio ("Dr. LoCascio").  Pl.'s Mot. at 2.

### III.        LEGAL STANDARD

Appeals of ERISA benefit denials are traditionally "adjudicated on the record compiled before the plan administrator."  Denmark, 566 F.3d at 10 (1st Cir. 2009); see also Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003); Lopes v. Met. Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003); Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005).  Nevertheless, courts may grant limited discovery when there is "some very good reason" to overcome a presumption against expansion of the record, Liston, 330 F.3d at 23, such as a "colorable claim of bias."  Denmark, 566 F.3d at 10; see also Orndorf, 404 F.3d at 520.[2]  Specifically, the existence of a structural conflict of interest may be a sufficient reason for

---

[1] The STD plan did not include a pre-existing condition limitation.  Def.'s Opp'n at 2.

[2] Although review in ERISA cases is typically under an abuse of discretion standard, "the trial judge's decision of a dispute *about the record* is typically not deferential."  Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 830 (1st Cir. 1997) (emphasis added). Questions of admissibility are governed by "the Liston rule . . . even when the denial of benefits is subject to de novo review."  Orndorf, 404 F.3d at 520.

discovery on the existence of an actual conflict, "[b]ut any such discovery . . . must be narrowly tailored so as to leave the substantive record essentially undisturbed." Denmark, 566 F.3d at 10.[3]

## IV. DISCUSSION

Weed seeks two categories of discovery materials. First, he asks for information on Prudential's relationships with LoCascio, a Vice-President and Medical Director at Prudential who reviewed Weed's claim, and with Qualified Medical Examiners, Inc. ("QME"), which provided a reviewing physician. Second, he requests "claims manuals, instructional and training documents available to" Prudential during the processing of Weed's claim. Pl.'s Mot. at 1.

### A. Relationships with Dr. LoCascio and QME

Weed asserts that Prudential is required to produce documents relating to its structural conflict of interest. In Glenn, the Supreme Court declared this conflict of interest to be "one factor among many that a reviewing court must take into account" when considering whether the plan administrator abused its discretion in denying benefits. Glenn, 128 S. Ct. at 2351. The Court explained,

> [t]he conflict of interest . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

---

[3] Discovery is permitted under the Federal Rules of Civil Procedure when it "is relevant to any party's claim or defense . . . . [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ. P. 26(b)(1).

Id.  Under Glenn, "courts are duty-bound to inquire into what steps a plan administrator has taken to insulate the decisionmaking process against the potentially pernicious effects of structural conflicts," Denmark, 566 F.3d at 9.  A structural conflict of interest that is not addressed in the administrative record can be considered a "very good reason" for discovery outside the administrative record.  Id. at 10 (quoting Liston, 330 F.3d at 23).  Since the administrative record in this case contains no information on the extent of the conflict or steps to reduce it, the Court requires some evidence outside the existing record. Denmark, 566 F.3d at 10; see also Slusarski v. Life Ins. Co. of N. Am., 2009 WL 1990178 (D. R.I. July 9, 2009) at *3.[4]

Consequently, this Court grants Weed "targeted discovery," mindful of the fact that such discovery "must be narrowly tailored" to determine the extent of Prudential's conflict of interest. Id.  Specifically, the Plaintiff may seek the following: (a) only those documents that address steps taken by Prudential to reduce bias; (b) interrogatories addressing Prudential's relationships with QME and Dr. LoCascio, which the Court finds sufficiently narrow to determine "a history of biased claims administration," and (c) Prudential must also provide documents, if available,

---

[4] It is unlikely that discovery will be necessary in cases that arose after Glenn, as the First Circuit recognized:
> In future cases, plan administrators, aware of Glenn, can be expected as a matter of course to document the procedures used to prevent or mitigate the effect of structural conflicts. That information will be included in the administrative record and, thus, will be available to a reviewing court. Conflict-oriented discovery will be needed only to the extent that there are gaps in the administrative record. If, say, the plan administrator has failed to detail its procedures, discovery may be appropriate, in the district court's discretion. Otherwise, discovery normally will be limited to the clarification of ambiguities or to ensuring that the documented procedures have been followed in a particular instance.

Denmark, 566 F.3d at 10.  Similarly, after Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), established a default rule of a de novo standard of review, most ERISA plans have given discretion to plan administrators. See Nathan Treadwell, Student Article, Restoring Balance to HMO Coverage Disputes: Fair Procedures and Judicial Review Under ERISA Regulations, 35 Ohio N.U. L. Rev. 331, 337 (2009).

regarding numbers of claims and ratios of denials for QME and Dr. Locascio, as well as its instructions to QME regarding written reports.

The remainder of Weed's requests are denied. He may not obtain documents relating specifically to his claim, such as correspondence and draft reports, because these will shed little light on the structural conflict of interest under which the claim denial occurred. More general correspondence is potentially informative regarding the conflict, but must be denied as insufficiently targeted under Denmark. Furthermore, Weed may not obtain information on compensation or performance reviews, because Prudential has already described the relationship between its compensation procedures and benefit denials.[5] Similarly, Weed may not depose Dr. LoCascio at this time, since there is no evidence of bias in the record.

### B.     Documents Available to Claims Adjusters

Weed argues that the Prudential is required to disclose internal guidelines because they are part of the basis for determining benefit entitlements. The Department of Labor's Regulations state that such documents are "relevant," and thus must be provided to a claimant, when they "constitute[] a statement of policy or guidance with respect to the plan concerning the denied . . . benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(h)(2)(iii), (m)(8)(iv); see also Glista v. Unum Life Ins. Co. of Am., 378 F.3d 113, 123 (reviewing this standard). These documents are also subject to discovery in the district court. Doe v. Travelers Ins. Co., 167 F.3d 53, 58 (1st Cir. 1999). In this case, such documents would

---

[5] Prudential explains, "neither the evaluations nor compensation of any of the Third Party Firms or professionals retained through those Firms were in any way tied to whether plaintiff's claim was denied or allowed. Nor was such compensation more generally tied to the number of benefit claims that were paid, not paid, terminated, closed, denied or approved." Def.'s Opp'n Ex. A at 6, 7.

be relevant if they related to the treatment of back pain claims or the pre-condition limitation. Prudential represents that it "does not possess any such statements of policy or guidance which relate to disability claims based on back pain." Def.'s Opp'n at 2.

Prudential acknowledges, however, that two pages of its claim guides address the LTD Plan's pre-existing condition exclusion provision, and has offered to produce them subject to a confidentiality order. The Court, therefore, grants Weed's motion only with respect to these two pages, and orders that these documents be kept confidential.

## V.     CONCLUSION

For the reasons stated above, Plaintiff's Motion for Limited Pre-trial Discovery and to Expand the Scope of the Judicial Record **(document #12)** is **GRANTED in part** and **DENIED in part**, consistent with the instructions in this Order.

**SO ORDERED.**

**Date:   August 28, 2009**           */s/ Nancy Gertner*
                                      **NANCY GERTNER, U.S.D.C.**